OPINION
{¶ 1} On December 1, 1975, appellant, Ronnie Earl Peoples, pled guilty to two counts of aggravated robbery in violation of R.C. 2911.01. By judgment entry filed December 3, 1975, the trial court sentenced appellant to four to twenty-five years in prison, to be served concurrently.
 {¶ 2} On February 24, 2003, appellant filed a petition for writ of error coram nobis and/or motion to vacate, claiming he was denied his right to counsel at sentencing and the uncounseled conviction was used to enhance his current sentence in Alabama.
 {¶ 3} The petition was assigned to the Honorable James D. Henson, Judge of the Court of Common Pleas of Richland, County, Ohio. By judgment entry filed March 27, 2003, Judge Henson denied appellant's writ/motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "WHETHER THE TRIAL COURT ERRED IN THE DENIAL OF THE PETITION AMOUNTING TO AN ABUSE OF DISCRETION?"
 II {¶ 6} "WHETHER DUE PROCESS IS IRREPARABLY FLAWED WHEN A JUDGE WHO WOULD REASONABLY BE BELIEVED TO BE BIASED WAS THE JUDGE WHO RULED ON THE MOTION?"
 III {¶ 7} "WHETHER DUE PROCESS FORBIDS A COURT FROM RELYING ON MATERIALLY FALSE AND UNRELIABLE INFORMATION WHEN IMPOSING A SENTENCE?"
 IV {¶ 8} "WHETHER A GENUINE DISPUTE EXISTS AS TO THE MATERIAL FACT OR FACTS, AND THE FACTS AND CLAIMS IN THE TRIAL COURT TO HAVE BEEN MATERIAL AND GENUINELY DISPUTED?"
 II, IV {¶ 9} Appellant claims Judge Henson erred in ruling on his writ/motion as he was biased, and a genuine dispute exists as to material facts. Allegedly, in 1975, Judge Henson was employed with the Richland County Prosecutor's Office and was involved in the prosecution of appellant regarding the aggravated robbery charges.
 {¶ 10} At the outset, we note it appears from the record a hearing was not held on appellant's writ/motion. In its brief at 1, the state concedes the "matter should be remanded to the trial court for re-hearing." The state further notes appellant's writ/motion should "be heard by an independently assigned judge."
 {¶ 11} Section 5(C), Article IV, of the Ohio Constitution states "[t]he chief justice of the supreme court or any judge of that court designated by him shall pass upon the disqualification of any judge of the courts of appeals or courts of common pleas or division thereof." This court is without jurisdiction to rule on the disqualification of Judge Henson. Said issue must be raised pursuant to R.C. 2701.03 which states as follows:
 {¶ 12} "(A) If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.
 {¶ 13} "(B) An affidavit of disqualification filed under section2101.39 or 2501.13 of the Revised Code or division (A) of this section shall be filed with the clerk of the supreme court not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled and shall include all of the following:
 {¶ 14} "(1) The specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations or, in relation to an affidavit filed against a judge of a court of appeals, a specific allegation that the judge presided in the lower court in the same proceeding and the facts to support that allegation;
 {¶ 15} "(2) The jurat of a notary public or another person authorized to administer oaths or affirmations;
 {¶ 16} "(3) A certificate indicating that a copy of the affidavit has been served on the probate judge, judge of a court of appeals, or judge of a court of common pleas against whom the affidavit is filed and on all other parties or their counsel;
 {¶ 17} "(4) The date of the next scheduled hearing in the proceeding or, if there is no hearing scheduled, a statement that there is no hearing scheduled."
 {¶ 18} Upon review, we reverse and remand the matter for evidentiary hearing. The issue of disqualification lies with appellant and the Chief Justice of the Supreme Court of Ohio.
 {¶ 19} Assignments of Error II and IV are granted. Assignments of Error I and III are moot.
 {¶ 20} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed and remanded.
By Farmer, J., Hoffman, P.J., and Wise, J. concur.